Our second case this morning is Maraman v. City of Carmel. May it please the court, I am Jason Maraman. I'm the appellate in this case. This case starts off at a traffic stop that occurred on June 3rd, 2014 and through a series of appeals, the ordinance that was used in the traffic stop was ruled invalid under Indiana Home Rule Act. However, that ordinance is not what this case is about before you today. The speeding tickets itself was settled in state courts and that issue is a resolved issue. What's at play today is whether or not there exists a fundamental right to free interstate travel. What relief are you seeking at this point, Mr. Maraman? I'm seeking two things. I'm seeking punitive damages against Carmel. You can't get punitive damages against a local government. The law is clearly established on that. What else are you seeking? I'm seeking enforcement of a, I would seek enforcement of the permanent federal injunction that was already in place requiring the videotape traffic stops. An injunction doing what? Telling whom to do what? So there is a permanent federal injunction in place currently requiring Carmel to videotape traffic stops and that did not occur in this instance. That was not a... Why not go to the district court that's in administering that injunction then? In hindsight, that would have been a better course of action. Fundamentally, I believe the traffic stop was unjust and if you couple it... The state court found that you had in fact been speeding, correct? Initially. The trial court? The trial court, correct. And in your appeal, I didn't see anywhere in your state appellate brief where you challenged that factual finding. That is correct. Okay, so and the, I mean, I got to tell you, federal courts aren't particularly interested in this allocation of power between the state and local governments, okay? And if you were speeding, whether it violated a state law or a city ordinance, you're still speeding and you can be stopped for that, right? Right, that since the trial court judgment was reversed in its entirety, that it would be improper to rely upon that determination. If a district, if a police officer had enough information to convince a state trial judge that you were in fact speeding, then it would seem too hard for anybody to say that the officer did not have probable cause to believe you were speeding, which would I understand your point, Judge, but with all due respect, using that logic, wouldn't that undermine reversal of convictions altogether? You're not challenging the conviction here, you're challenging at best, you haven't said it yet, you might be able to challenge the stop in a claim against the individual officer, but if he had probable cause to stop you, the case is there's no, there's no merit to that. And I agree with that. And an acquittal in a later criminal case does not undermine probable cause for an original arrest. And in this case, the acquittal was not on the merits. Yes, Judge. So what are we doing here? So my understanding was that because these issues were positive issues, and I in that appeal expected to prevail on one or the other, if the Home Rule Act was what I prevailed on, then we would go back to a second trial. So I did, maybe this was a mistake on my part, and I conceded this issue, I did not see what transpired in the trial court since that judgment was reversed in its entirety as adjudication on the merits there. And I think that if you interpret it as such, like I said earlier, I really question how we look at, especially criminal cases, where a judgment is reversed. Does that mean that somebody can still contend that a person is a murderer, even though that judgment was reversed? That seems somewhat analogous here. So I think if you look at the allegations, you look at the officer's testimony and the conflicting testimony that the officer gave, there are serious questions. I think that the jury could have come to a substantially different conclusion than the judge in the bench trial came to. And I believe that because of discrepancies and the other aggravating factors in regards to the conduct, that that does bring into question if the stop was just or not. I believe that this should at least be given an opportunity to advance to the point of summary judgment proceedings or discovery so we can look into this further. What's the speed limit now? I believe the speed limit now is 40 miles an hour. 40? I believe that is the case. I have not been through that intersection recently, so I'm not positive. I just wonder how fast people go nowadays. Is there still a, I assume there's not a 20 mile an hour speed limit sign anymore? There is not. Just lots of roundabouts in Carmel, right? There are lots of roundabouts in Carmel. You've obviously been there, Judge. Yeah, last time I drove down there took two laps around the roundabout to find my way out. This was one of those roundabouts, it was of that nature and it was under construction and I did concede that point and it was such that I had to come to a stop, which is why I really questioned that I could have been doing the speed. Carmel argues that some of my testimony that I was not going 35 miles an hour indicates that I was probably going faster than the speed limit, which is again a contention in this case about being 30 or 35, but I don't see any testimony in case where I conceded that I was driving in excess of the speed limit. The, there are some threshold issues that are also raised by Carmel. I believe these are adequately addressed in the brief. They really fall under two categories, and the award of appellate filing fees, and my reply brief specifically I discussed that I failed to understand how re-judicata could have barred an action that I could not have brought or initiated in the infraction proceedings. Infractions, which is what a speed ticket is in Indiana, are a special breed of litigation. The Indiana Court of Appeals has referred to them as quasi-criminal and the pleadings are restricted. You can only have a complaint and summons, and the defendant can only plead a plea of guilty, not guilty, or nulla contendere. There's no opportunity to counterclaim or to assert this claim. And with that, I run into my final point. I have a curiosity. Yes. You know, you're not a lawyer, but lawyers keep track of their time and charge for it. Do you by any chance keep track of the time you put in on this case? I have not specifically kept track of the time, but it obviously is extensive, Judge. Yeah, I would guess that. Well, you're brave to be here, I guess. You may be lucky to be here, because we don't hear people proceed very much. I understand that. Thank you, judges, for your time. Thank you. Mr. Mailey. Thank you, Your Honor. May it please the Court, John Mailey, for the defendants. We'd respectfully request that the dismissal from the District Court be affirmed due to the lack of a federal question, as Judge Pratt found. And following up on the questions to plaintiff, with punitives being sought, not available, and enforcement of the video injunction being part of a separate injunction and a procedure as to how to do that, if that were to be an issue, Mr. Merriman could certainly bring that up through that process. But otherwise, the dismissal was proper and should be affirmed. Can I just ask you, Mr. Mailey, apart from the somewhat novel approach to roundabouts that Carmel takes, although Bloomington is following suit, on the issue of damages and res judicata, is it possible to raise a counterclaim in a ticket case? I don't believe it is, Your Honor. And I think Mr. Merriman makes a decent point on the pellet damages front. He's, of course, not being an attorney. How does that play in here? I don't think the Court needs to reach that because the res judicata issues here go to the Indiana court system, including the Court of Appeals, finding that this was a 20-mile-an-hour speed limit during construction and having been acknowledged that that was, in fact, the case. Let me just throw a hypothetical at you. Let's vary the facts a little bit here where there is a traffic stop. The plaintiff argues that it occurred without probable cause and alleges, let's say, racial motivation on the part of a police officer. The plaintiff then wins that ticket case in state court. I assume that he'd be able to bring such a claim in federal court for a Fourth Amendment deprivation of liberty by a stop without probable cause. Yes, that's correct, Your Honor. Do we have, in essence, a developed claim along those lines here? Obviously, there's no racial dimensions. Respectfully, we don't, Your Honor. The complaint complains about a number of different items, including the videotape not being there. Ultimately, in responding to the motion to dismiss, as District Judge Pratt pointed out, the plaintiff did not develop and advocate a federal claim sufficiently. And then when we see the appellate brief and the reply brief, we see a number of waivers of issues. And here now we are at argument with the two things that are being requested, punitive damages and the video injunction. So there hasn't been sufficiently developed. His complaint does talk about out-of-county license plate and such. But the objective standard here for the court would be if an officer detects someone's beating, and here we have a trial court that so finds, that would indeed be probable cause. So there wouldn't be a sufficient claim outside of that, Your Honor. Well, the Supreme Court case that was argued yesterday in Mr. Lozman's case might give us some guidance along that in the long term for other cases, but thank you. Nothing further, Your Honor. Thank you for your time, and we respectfully request that the dismissal be affirmed. Thank you. Thank you, Judge. Mr. Merriman, anything further? Just briefly, as opposing counsel brought up, there is an allegation, multiple allegations, in the complaint that the stop was premised on my out-of-county plates and the fact that I was resident of Minneapolis, and the officer's comments during that stop reinforced that. And that is one of the reasons why I would request that this be given an opportunity to go to the discovery phase. I have no further rebuttal in regards to opposing counsel. Is that what you would call a speed trap? Or is that where you prey on people from somewhere else, and those that have the right plate get a bye? It's difficult to speculate on that, Judge. It's probably the date. If somebody's taking notes, I don't know. I think when you start selectively ticketing people and you write different tickets for the same conduct, that that would constitute a speed trap. That would take some more of your time, probably, with what we've got here. That would. With that, I appreciate your time, Judges, and submit the case. Thank you. The case is taken under advisement.